George Reames **ROGERS**, Appellant,

v.

The **STATE** of Texas.

No. 565–98.

Court of Criminal Appeals of Texas, En Banc.

April 7, 1999.

William F. Carter, Madisonville, for appellant.

Philip L. Hall, Assist. DA, Huntsville, Matthew Paul, State's Atty., Austin, for the State.

## OPINION

WOMACK, J., delivered the opinion for a unanimous Court.

The appellant was convicted in Walker County of attempted capital murder. Penal Code §§ 19.03(a)(1), 15.01(a). At the punishment stage, the appellant pleaded not true to a prior felony conviction. With the enhancement for his prior conviction, the appellant was eligible for a punishment of imprisonment for 15 years to 99 years or life. Penal Code § 12.42(c). The jury sentenced the appellant to life in prison.

At the punishment stage of the appellant's trial, the State offered three penitentiary packets (pen packets) as permitted by Code of Criminal Procedure article 37.07 section 3(a) to prove the appellant's prior robbery convictions. The pen packets contained the length of the sentence assessed in each case. The three sentences were 15 years, 15 years, and 75 years. The appellant objected to the inclusion of the length of the sentences in the pen packets and requested that the sentences be redacted. The trial court overruled the appellant's objection that the sentences were irrelevant for sentencing under Rule 401. The trial court also overruled the appellant's objection based on Rule 403, that even if the length of the appellant's prior sentences was relevant to sentencing, the probative value was substantially outweighed by unfair prejudice.

On appeal, the First Court of Appeals affirmed the appellant's conviction and sentence in an unpublished opinion. *Rog-*

*ers v. State,* No. 01–96–00417–CR, 1998 WL 4097 (Houston [1 st Dist.] Jan. 8, 1998) (not designated for publication). We granted the appellant's petition for discretionary review to determine: (1) whether the number of years a defendant was assessed in a prior conviction is relevant evidence at punishment under Texas Rule of Criminal Evidence 401 [1] and (2) whether the number of years a defendant was assessed in a prior conviction should be excluded because the probative value is substantially outweighed by the danger of unfair prejudice.

In addition to the Rules of Evidence, article 37.07 section 3(a) governs the admissibility of evidence during the punishment stage:

> Regardless of the plea and whether the punishment be assessed by the judge or the jury, evidence may be offered by the state and the defendant as to any matter the court deems relevant to sentencing, including but not limited to the prior criminal record of the defendant ...

Although there is no definition of the term "criminal record" in the statute, it is reasonable that the term would include the sentences that the courts assessed for prior convictions. This Court in the past has held that pen packets are permissible evidence to show a defendant's prior record. *Beck v. State,* 719 S.W.2d 205, 209 (Tex.Cr. App.1986).

■ The Code of Criminal Procedure also does not define the term "relevant." Texas Rule of Criminal Evidence 401 is helpful to determine what should be admissible under article 37.07 section 3(a). The definition of relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Tex.R.Crim. Evid. 401. Sentencing presents different issues than a verdict of guilt or innocence be-

cause the jury or trial judge chooses from a punishment range, rather than deciding whether a defendant is guilty. This Court has observed that the definition of "relevant" within the Texas Rules of Criminal Evidence is not a perfect fit in the punishment context.

> [A]dmissibility of evidence at the punishment phase of a non-capital felony offense is a function of policy rather than relevancy. This is so because by and large there are no discreet factual issues at the punishment stage. There are simply no distinct "fact[s] ... of consequence" that proffered evidence can be said to make more or less likely to exist. Rather, "[d]eciding what punishment to assess is a normative process, not intrinsically factbound."

*Miller–El v. State,* 782 S.W.2d 892, 895–96 (Tex.Cr.App.1990) (footnote and citations omitted). Determining what is relevant then should be a question of what is helpful to the jury in determining the appropriate sentence for a particular defendant in a particular case.

The legislature has shown through its enactment of article 37.07 section 3(a) that a defendant's prior record is relevant to the decision that the jury makes. Just as the facts of the instant offense are relevant to tailor the sentence to the particular offense, prior convictions are relevant to tailor the sentence to the particular defendant.

■ Also helpful to our determination are the objectives listed in the Penal Code.

> [T]he provisions of this code are intended, and shall be construed, to achieve the following objectives:
>
> (1) to insure the public safety through:
>
> > (A) the deterrent influence of the penalties hereinafter provided;
> >
> > (B) the rehabilitation of those convicted of violations of this code; and

---

1. During the time of the appellant's trial the Texas Rules of Criminal Evidence were in effect.

(C) such punishment as may be necessary to prevent the *likely recurrence of criminal behavior* ...

Penal Code § 1.02(1) (emphasis added). One of the goals of the Penal Code is to prevent the defendant from continuing to engage in criminal behavior after that defendant has completed the sentence. When a jury has the task of assessing a sentence for a defendant who has committed crimes in the past, especially when those crimes are the same as or similar to the offense with which that defendant is currently charged, it is helpful to know the length of the sentence that was too short to prevent the recurrence of criminal behavior by that particular defendant.

■ The appellant in this case had been convicted of robbery in 1976, 1981, and 1986 before he committed the instant offense. For the 1976 and 1981 convictions, the appellant was assessed 15 years in prison each. For the 1986 conviction, the appellant was assessed a sentence of 75 years. The evidence presented during the trial showed that the appellant committed the offense that is the subject of this appeal while he was on the run from committing two bank robberies and escaping from jail in Mississippi. A logical and permissible inference from the evidence is that the 75–year sentence was not severe enough to prevent the appellant from committing robberies or other violent crimes. This is not to say that the appellant should be punished again for his prior convictions or that the jury must start at 75 years as a minimum. We are simply saying that the prior sentences are informative to the jury in tailoring the sentence to the individual defendant. We hold that sentences assessed for prior convictions are relevant in the context of the jury's decision on punishment. The appellant's first ground for review is overruled.

Having decided that sentences assessed for prior convictions are relevant to the jury's determination of the appropriate sentence, we will now address whether the probative value of the evidence was substantially outweighed by the danger of unfair prejudice.

■ The appellant argues that because the probative value of the sentences is so low, the danger of unfair prejudice need not be great to substantially outweigh the probative value. The appellant claims that the danger is that the jury will not consider the full range of punishment because it will always use the prior sentences as a starting point and give the appellant a more severe sentence than prior sentences assessed by other juries.

■ We note initially that it is *unfair* prejudice that must substantially outweigh the probative value of the evidence to render relevant evidence inadmissible under Rule 403. *Cohn v. State,* 849 S.W.2d 817, 820 (Tex.Cr.App.1993), .

> "Unfair prejudice" does not, of course, mean that the evidence injures the opponent's case—the central point of offering evidence. Rather it refers to "an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one."

■ *Id.* (citing 1 Steven Goode et al, *Texas Practice: Guide to the Texas Rules of Evidence: Civil and Criminal* § 403.2, at 93 (2d ed.1993)). The appellant does not explain what the improper basis would be if the jury considered the prior sentences in making its decision in assessing punishment. We also note that after the trial has begun and evidence is admitted for the jury's consideration, it is appropriate that jurors make value judgments based on the evidence that they receive. In *Quinn v. State,* 958 S.W.2d 395 (Tex.Cr. App.1997), we noted the difference between opinions formed before and opinions formed after hearing evidence. In that case we said that:

> Of course, a juror must keep an open mind as to the ultimate question before him (i.e. guilt or punishment) until all of the evidence has been received. But, it defies common sense and human nature to require that a juror have no impres-

sions or opinions until the judge sends the jury to deliberations. Jurors must necessarily engage in at least some assessment of credibility and evaluation of the evidence as the proceedings occur. *Id.* at 403. Although jurors must be able to consider the full range of punishment when they are selected as jurors, it is permissible for jurors to form opinions based on the evidence that they hear at trial.

We cannot say as a matter of law that the probative value of the length of the appellant's prior sentences was substantially outweighed by the danger of unfair prejudice. The trial court's ruling was not an abuse of discretion.

The appellant's second ground for review is overruled, and the judgment of the Court of Appeals is affirmed.