Affirmed and Opinion filed February 6, 2003









Affirmed and Opinion filed February 6, 2003.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-98-01303-CR

____________

 

KENNETH WEST, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 176th District Court

 Harris County, Texas

Trial Court Cause No. 771,595

 



 

O P I N I O N   O
N   R E M A N D  









Appellant, Kenneth West, was convicted by a jury of the
offense of murder and sentenced to sixty years= imprisonment. On original
submission, this Court held that appellant failed to preserve error with regard
to two of his issues, namely, (1) whether the probative value of an extraneous
homicide was outweighed by unfair prejudice under Rule 403 of the Texas Rules
of Evidence, and (2) whether the trial court erred in refusing to instruct the
jury on the law of self-defense with regard to the extraneous homicide.  West v. State, No. 14‑98‑01303‑CR,
2001 WL 333118 (Tex. App.CHouston [14th Dist.] April 5, 2001, pet. granted). The Court
of Criminal Appeals found no procedural default with regard to these two
issues, reversed our initial opinion, and remanded the case for consideration
of these issues on their merits.  West
v. State, No. 1195‑01 (Tex. Crim. App. April 17, 2002).  We affirm.

The evidence shows that at approximately 2:00 a.m., appellant
and his accomplice approached a car outside the Carrington Club and fired
thirty shots into the back of the vehicle. 
One of the occupants was killed; three others were wounded.  The only contested issue was identity.  Two eyewitnesses testified that they observed
appellant firing shots at the vehicle in which the victim was riding.  Appellant=s trial counsel, however, while
allowing appellant was present at the scene of the murder, repeatedly
challenged these witnesses as to the accuracy of their identification of
appellant as one of the shooters.  Moreover,
another witness to the incident testified that appellant was not involved, as
did appellant himself.

In rebuttal, the State offered evidence showing that six
months earlier, appellant and his accomplice walked up behind another car
parked at an Exxon service station, across the street from the Carrington Club,
at approximately 2:00 a.m. and fired twenty-five shots into the back of the
vehicle.  Again, one occupant was killed.

In his first issue, appellant contends the trial court
improperly admitted evidence of an extraneous shooting because its probative
value was substantially outweighed by the danger of unfair prejudice.[1]  We disagree.








Texas Rule of Evidence 403 provides that relevant evidence
may be excluded if its probative value is substantially outweighed by the
danger of unfair prejudice.  Tex. R. Evid. 403.[2]  Questions of admissibility of evidence under
the rule are assigned to the trial court and are reviewable only for abuse of
discretion.  Santellan v. State,
939 S.W.2d 155, 169 (Tex. Crim. App. 1997); Montgomery v. State, 810
S.W.2d 372, 391 (Tex. Crim. App. 1990).  Reviewing
the trial court=s judgment for abuse of discretion requires more than
deciding that the court conducted the required balancing of probative value
versus the danger of unfair prejudice and did not rule arbitrarily or
capriciously.  Graff v. State, 65
S.W.3d 730, 739 (Tex. App.CWaco 2001, pet. ref=d). 
Instead, we measure the trial court=s ruling against the relevant
criteria by which a Rule 403 decision is to be made: (1) that the fact at issue
was not seriously contested; (2) that the State had other convincing evidence
to establish the issue; (3) that the probative value of the evidence was not particularly
compelling; and (4) that the evidence was of such a nature that a limiting
instruction would not likely have been effective.  Reese v. State, 33 S.W.3d 238, 240B41 (Tex. Crim. App. 2000); Montgomery,
810 S.W.2d at 392B93 (recognizing the criteria are not exhaustive).  The trial court does not abuse its discretion
if its decision falls within the zone of reasonable disagreement and is
reasonable in view of all relevant facts. 
Santellan, 939 S.W.2d at 169; Rachal v. State, 917 S.W.2d
799, 808 (Tex. Crim. App. 1996). 








Virtually all relevant evidence proffered by a party will be
prejudicial to the opposing party; in fact, in an adversarial system of
justice, prejudice to the opponent is the ultimate objective to be achieved by
the introduction of evidence.  Only
unfair prejudice provides a basis for exclusion of relevant evidence.  Montgomery, 810 S.W.2d at 378.  Unfair prejudice refers to an undue tendency
to suggest decision on an improper basis, commonly, though not necessarily, an
emotional one.  Rogers v. State,
991 S.W.2d 263, 266 (Tex. Crim. App. 1999). 
Unfair prejudice will substantially outweigh probative value only if
there is a clear disparity between the degree of prejudice of the offered
evidence and its probative value.  Jones
v. State, 944 S.W.2d 642, 653 (Tex. Crim. App. 1996).  Moreover, there is a presumption that
relevant evidence will be more probative than prejudicial.  Santellan, 939 S.W.2d at 169; Graff,
65 S.W.3d at 739.

Here, the only contested issue with regard to the primary
offense was identity.  Thus, the
extraneous homicide was introduced by the State to buttress the evidence
identifying appellant as one of the shooters.[3]  Given the questions raised regarding the
extent of appellant=s involvement, the probative value of his extraneous offense
was compelling.  Lastly, the trial judge
instructed the jury to consider evidence of appellant=s extraneous offense only for the
purposes permitted by Rule of Evidence 404: determining the motive,
opportunity, intent, preparation, plan, knowledge, identity, or absence of
mistake or accident of [appellant], if any, in connection with the offense, if
any, alleged against him in the indictment and for no other purpose.  See Tex.
R. Evid. 404(b).  We do not
perceive any reason such a limiting instruction would be any less effective in
the present case than in other cases in which identity is an issue.  See Lane v. State, 933 S.W.2d 504, 520
(Tex. Crim. App. 1996) (en banc).

Under these circumstances, the trial court was within the
zone of reasonable disagreement when it concluded that the probative value of
the extraneous offense was not substantially outweighed by its prejudicial
impact.  Appellant=s first issue is overruled.








In his second issue, appellant contends the trial court erred
in refusing to instruct the jury on the law of self‑defense as it applied
to the extraneous shooting offered in rebuttal to the appellant=s defensive theory, i.e., mistaken
identification.

“[W]hen evidence of collateral crimes is introduced for one
of the various purposes for which such evidence becomes admissible, the jury
should be instructed that they cannot consider against the defendant such
collateral crimes, unless it has been shown to their satisfaction that the
accused is guilty thereof.”  Ex parte
Varelas, 45 S.W.3d 627, 631 (Tex. Crim. App. 2001) (quoting Lankford v.
State, 93 Tex. Crim. 442, 248 S.W. 389, 389 (1923)). Thus, upon request,
the jury should be instructed they are not to consider extraneous act evidence
unless the jurors believe beyond a reasonable doubt that the defendant
committed that act.  Id.;  see also Mitchell v. State, 931 S.W.2d
950, 954 (Tex. Crim. App. 1996) (“If a defendant, during the guilt/innocence
phase, asks for an instruction to the jury on the standard of proof required
for admitting extraneous offenses, the defendant is entitled to that
instruction”).  Similarly, the trial
court must, upon demand, instruct the jurors that they may consider the
extraneous act only for the limited purposes for which it was admitted.  Ex parte Varelas, 45 S.W.3d at 631, 634
(noting that, “[w]ithout such an instruction, the jury [i]s likely to consider
the extraneous acts as direct evidence of [a defendant=s] guilt; that is, he acted in
conformity with his character”).  








There is no requirement, however, that the jury be provided
further instructions of the type sought by appellant.  When the State offers evidence of an
extraneous offense, it has no obligation to prove up the criminality of that
offense.  The extraneous conduct is
relevant if it has probative value in proving motive, opportunity, intent, preparation,
plan, knowledge, identity, absence of mistake, etc., whether such conduct does
or does not constitute a criminal offense. 
For example, in Rachal v. State, 917 S.W.2d 799 (Tex. Crim. App.
1996), the State introduced evidence of an extraneous homicide at the
punishment phase of a capital murder trial to show the defendant would likely
be a continuing threat to society.  The
defendant was never convicted of the extraneous offense, however, because he
was no-billed by the grand jury.  In
fact, the prosecuting attorney admitted the extraneous homicide was probably
justified under the law of self-defense. 
Nevertheless, the Court of Criminal Appeals held the extraneous offense
was properly admitted in evidence because it showed that “appellant knowingly
and willingly placed himself in, and sought after, circumstances facilitating
homicide soon after [the extraneous] killing,” thereby demonstrating “a
callousness and lack of reflection about taking human life” which would
increase the probability of further violence. 
Id. at 807B08.  In a concurring
opinion, Judge Clinton wrote that even if the extraneous killing was lawful, it
might nevertheless “show a lack of compunction about taking human lifeCa nascent taste for killing which
came to fruition in the instant murders.” 
Id. at 819 (Clinton, J., concurring).

Here, the extraneous offense was remarkably similar to the
primary offense.  Given the “signature”
nature of the two offenses, the extraneous offense was highly probative on the
issue of identity regardless of whether it was legally justified.[4]  Accordingly, appellant=s second issue is overruled.  

The judgment of the trial court is affirmed.  

 

 

/s/        J. Harvey Hudson

Justice

 

 

 

Judgment rendered
and Opinion filed February 6, 2003.

Panel consists of
Chief Justice Brister and Justices Hudson and Fowler.

Do Not Publish C Tex.
R. App. P. 47.2(b).











[1]  In addition,
appellant contends the trial court erred in admitting evidence of his
extraneous offense because it was irrelevant. 
We have previously held, however, Athat the
proximity in time and place, the common mode of committing the offenses, and
the circumstances surrounding the offenses, are sufficiently similar for the
extraneous offense . . . to be relevant to the issue of identity.@  West,
No. 14-98-01303-CR, 2001 WL 333118, at *3. 
As the Court of Criminal Appeals left this finding undisturbed, the
issue need not be addressed anew herein.





[2]  In its
entirety, Rule 403 states:

Although
relevant, evidence may be excluded if its probative value is substantially
outweighed by the danger of unfair prejudice, confusion of the issues, or
misleading the jury, or by considerations of undue delay, or needless
presentation of cumulative evidence.

Tex. R. Evid. 403.





[3]  As we noted in
our prior opinion, the charged and extraneous offenses were alike in that:

(1) both
offenses were murders committed with automatic pistols; (2) both offenses
occurred at approximately the same time at night and after the Carrington Club
had closed for the night; (3) appellant was aided by the same confederate,
Chris White; (4) the offenses  were
committed in the same area, at or near the Carrington Club; (5) appellant and
White used the same method of operation in each offense (appellant and White
walked to the rear of the victims= cars
and opened fire on the rear of the car with automatic pistols, puncturing the
cars with a large number of bullets); and (6) the extraneous act was committed
six months earlier.

West, No.
14-98-01303-CR, 2001 WL 333118, at *3. 





[4]  We
also observe that even though the defendant=s
extraneous conduct must be proven beyond a reasonable doubt,  courts need not give an instruction regarding
accomplice witness testimony for extraneous offenses nor is a special verdict
listing elements of the extraneous offense required.  Jones v. State, 982 S.W.2d 386, 395 (Tex. Crim. App.
1998); Matchett v. State, 941 S.W.2d
922, 937 (Tex. Crim. App. 1996).  Similarly, we perceive no
necessity for the trial court to give an instruction on the law of self-defense
pertaining to an extraneous offense.