Opinion issued March 18, 2004














In The
Court of Appeals
For The
First District of Texas




NO. 01-03-00588-CR




JUAN ALBERTO MENDOZA, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 182nd District Court
Harris County, Texas
Trial Court Cause No. 847,234




MEMORANDUM OPINION
          Appellant, Juan Alberto Mendoza, was indicted for murder, with an
enhancement of a conviction for felony theft. A jury found appellant guilty as
charged, found the enhancement allegations true, and assessed punishment at
confinement for life. In two points of error, appellant challenges the evidence
admitted at the punishment stage of the trial. We affirm. 
BACKGROUND
          Appellant engaged in an altercation with Jesse Zuniga, Louis Quinones, Jose
Lopez, Robert Witt, and several others outside his apartment complex. Appellant and
his wife left the complex and went to his father’s home to spend the night. Later that
evening, appellant returned alone to the complex with a .9 millimeter handgun. The
men were still outside the complex. Appellant spoke with Zuniga, then started
shooting. Zuniga was struck five times, Quinones three times, and Lopez once. 
Appellant shot at Witt and missed, but the bullet ricocheted and struck Witt. 
Quinones died from a wound to his chest. Zuniga, Lopez, and Witt recovered and
testified at trial. The medical records relating to Zuniga’s and Witt’s injuries were
admitted into evidence at the punishment stage of the trial over the defense’s
objections that they were irrelevant and that their prejudicial effect outweighed their
probative value. 
DISCUSSION
          Appellant contends that the trial court erred by admitting the medical records
of Zuniga and Witt into evidence because (1) the records were not relevant to the
jury’s assessment of punishment for the murder of Quinones and (2) the records were
unduly prejudicial. We review a trial court’s admission of evidence for abuse of
discretion. Goff v. State, 931 S.W.2d 537, 553 (Tex. Crim. App. 1996).
          Appellant argues that the records were “victim-impact evidence,” citing Brooks
v. State, 961 S.W.2d 396 (Tex. App.—Houston [1st Dist.] 1997, no pet.), which,
according to appellant, supports his contention that the medical records are victim-impact evidence. 
          The Court of Criminal Appeals has described victim-impact evidence as
“evidence concerning the effect the victim’s death will have on others, particularly
the victim’s family members.” Mosely v. State, 983 S.W.2d 249, 261 (Tex. Crim.
App. 1998). In Brooks, when we used the term “‘victim impact’ evidence,” we
referred to the testimony of the victim’s sister, at the punishment hearing, regarding
the effect the death of the victim had on the sister’s life. Brooks, 961 S.W.2d at 397. 
The sister’s statement was clearly victim-impact evidence as that term has been
defined by the Court of Criminal Appeals. 
          The medical records of Zuniga and Witt are not victim-impact evidence
because they do not relate to the effect of the offense on the victim or a member of
the victim’s family. See e.g., Mathis v. State, 67 S.W.3d 918, 928 (Tex. Crim. App.
2002) (determining that testimony by nurse regarding care given to surviving victim
who was not named in indictment was not victim-impact evidence). Therefore, the
trial court did not abuse its discretion by admitting improper “victim-impact”
evidence.
          Appellant also argues that Zuniga’s and Witt’s medical records should have
been excluded because they were not relevant. Section 3(a) of article 37.07 of the
Code of Criminal Procedure governs the admission of evidence at the punishment
stage of a criminal trial. That article provides, in pertinent part, as follows: 
[E]vidence may be offered by the state and the defendant as to any
matter the court deems relevant to sentencing, including but not limited
to . . . the circumstances of the offense for which he is being tried, and
. . . any other evidence of an extraneous crime or bad act that is shown
beyond a reasonable doubt by evidence to have been committed by the
defendant or for which he could be held criminally responsible,
regardless of whether he has previously been charged with or finally
convicted of the crime or act. . . .

Tex. Code Crim. Proc. Ann. art. 37.07, § 3(a) (Vernon Supp. 2004). Appellant
argues that the trial court’s discretion regarding what evidence it “deems relevant to
sentencing” under article 37.07 is limited by rules 401, 402, and 403 of the Texas
Rules of Evidence. 
          Rule 401 defines “relevant evidence” as “evidence having any tendency to
make the existence of any fact that is of consequence to the determination of the
action more probable or less probable than it would be without the evidence.” Tex.
R. Evid. 401. The Court of Criminal Appeals has stated that this definition is not a
perfect fit in the punishment context. Rogers v. State, 991 S.W.2d 263, 265 (Tex.
Crim. App. 1999). The “admissibility of evidence at the punishment phase of a non-capital felony offense is a function of policy rather than relevancy.” Id. (quoting
Miller-El v. State, 782 S.W.2d 892, 895-96 (Tex. Crim. App. 1990)). The rationale
behind the policy of permitting the article 37.07 evidence at the punishment stage is
to provide the jury with complete information to help it determine the appropriate
sentence for a particular defendant in a particular case. Id. 
          The medical records of Zuniga and Witt were evidence of the circumstances
of the murder for which appellant was being tried. They were also evidence of bad
acts committed by appellant for which he could be held criminally responsible. As
such, the records fell within the ambit of section 3(a) of article 37.07. The trial court
did not abuse its discretion in determining that the records were relevant as that term
is used in article 37.07. 
          Appellant argues that, even if relevant, the records should have been excluded
because the probative value of the evidence did not outweigh the potential for unfair
prejudice. Appellant contends that the contents of the records—a day-by-day
description of the medical services received by Zuniga and Witt—and the volume of
the records—over 100 pages—are factors that weigh against the admissibility of the
records. 
          The State offered the records without comment except to identify them as the
medical records of Zuniga and Witt. The trial court admitted the records into
evidence over appellant’s objections that they were irrelevant and unduly prejudicial. 
In the State’s closing argument, which comprises seven pages of the record, only 15
lines are devoted to the medical records. The State refers specifically only to the
damage to Zuniga’s heart and lung and to the odor from Witt’s urine. 
          “Unfair prejudice” refers to an undue tendency to suggest a decision made on
an improper basis, usually an emotional basis. Cohn v. State, 849 S.W.2d 817, 820
(Tex. Crim. App. 1993). Under the circumstances of this case, we cannot say that, as
a matter of law, the probative value of the medical records was substantially
outweighed by the danger of undue prejudice. Accordingly, the trial court did not
abuse its discretion in admitting the records into evidence. 
          We overrule appellant’s two points of error and affirm the judgment.
 
 
                                                             Sam Nuchia
                                                             Justice

Panel consists of Justices Nuchia, Alcala, and Hanks.

Do not publish. Tex. R. App. P. 47.4.