COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | § | |
|---|---|---|
| AARON RASHAUN BROWN, | | No. 08-10-00121-CR |
| | § | |
| Appellant, | | Appeal from the |
| | § | |
| V. | | 213th Judicial District Court |
| | § | |
| THE STATE OF TEXAS, | | of Tarrant County, Texas |
| | § | |
| Appellee. | | (TC# 1192910R) |
| | § | |
| | § | |

**O P I N I O N**

Aaron Rashaun Brown was convicted of possession with intent to deliver a controlled substance, methamphetamine, four grams or more, but less than four hundred grams. He was sentenced to 40 years' imprisonment in the Institutional Division of the Texas Department of Criminal Justice. On appeal, he raises three issues challenging the admissibility of certain evidence introduced by the State during the punishment phase. Appellant argues that the trial court abused its discretion by admitting the evidence in violation of Texas Rule of Evidence Rule 403.

On October 10, 2008, Officer David Martin stopped a vehicle in which Appellant was a passenger. As he approached the vehicle, the officer smelled unburnt marijuana. During a subsequent search of the passenger compartment, Officer Martin located methamphetamine, in the form of ecstasy pills, and a loaded firearm. Appellant was ultimately convicted of possession with intent to deliver a controlled substance, between four and four hundred grams. The jury also

found that Appellant had used or exhibited a deadly weapon during the commission of the offense.

During the punishment phase of the trial, the State introduced evidence pertaining to the murder of Mr. Charles Goodacre. Detective Benjamin Lopez testified that Mr. Goodacre was shot in the head during a gang-related drive-by shooting. During the investigation of Mr. Goodacre's murder, Detective Lopez learned that Appellant was present during the shooting. The detective explained that the investigation had led officers to believe that Appellant may have taunted or encouraged the shooter, and that the shot that killed Mr. Goodacre was likely intended for Appellant. When Detective Lopez inquired about Appellant with officers assigned to the department's gang unit, those officers confirmed Appellant was a gang member.

Detective Lopez called Appellant in for an interview. During the interview, Appellant told the detective that he agreed to talk to the police only because he was afraid they would make up a reason to arrest him if he refused to cooperate. Appellant was clear that his presence at the interview was out of fear, and not because he wanted to tell the officers what he saw the day of the shooting. For the first twenty minutes of the interview, Appellant refused to discuss the shooting with Detective Lopez, and repeatedly asked what the police would do for him if he cooperated and identified the shooter. During his testimony at punishment, Detective Lopez noted that Appellant did not seem concerned with the fact that an innocent person had been murdered.

When he did answer the detective's questions, Appellant told the officer that he had recognized the person driving the vehicle the night of the shooting, and that he knew that individual was a member of a rival gang. Appellant explained that when he saw the car drive

past, he started laughing and blowing kisses towards the vehicle. Appellant watched a person shoot at him from the backseat of the vehicle. Appellant told Detective Lopez that he did not know the man who was shot, but he admitted that he knew another person was shot in the face when the bullet missed him. A video recording of the interview was admitted into evidence as State's Exhibit 43. Several other witnesses testified for the State during punishment, including Mr. Goodacre's father, who testified about his son and the impact his son's death had on their family.

Prior to the introduction of the evidence at punishment, Appellant objected to any evidence concerning the murder case based on the theory that the evidence was irrelevant, and if there was any relevance at all, its probative value was outweighed by the unfair prejudice. The State responded to the objection on the basis that the evidence was corroborative of Appellant's gang involvement and his disregard for the value of human life, and was therefore relevant for assessing Appellant's punishment. The trial court overruled Appellant's objections and admitted the evidence. The jury sentenced Appellant to confinement for forty years.

Appellant raises three issues on appeal. In Issue One, Appellant argues that the trial court erred by permitting the State to present evidence of Appellant's behavior immediately prior to Mr. Goodacre's murder. In Issue Two, Appellant contends that the trial court erred by permitting the State to present the testimony by Mr. Goodacre's father. In Issue Three, Appellant complains that the trial court erred by permitting the State to present evidence of Appellant's reluctance to cooperate with authorities during the investigation of Mr. Goodacre's murder. Since Appellant's three issues on appeal are all related to the admission of evidence, the standard of review as to each matter is abuse of discretion. *See Sauceda v. State*, 129 S.W.3d 116, 120 (Tex.Crim.App.

-3-

2004).  The mere fact that a trial judge may decide a matter within his discretionary authority in a different manner than an appellate judge in a similar circumstance does not demonstrate that an abuse of discretion has occurred.  *Manning v. State*, 114 S.W.3d 922, 926 (Tex.Crim.App. 2003).  A trial court does not abuse its discretion so long as its decision to admit the evidence is within the "zone of reasonable disagreement."  *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex.Crim.App. 1990).

As a preliminary matter, we must first address Appellant's briefing and discussion of Issue Two.  In order to present the issues to this Court for review, Appellant's brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record.  TEX.R.APP.P. 38.1(i).  The discussion section of Appellant's brief purports to address the admissibility of all there pieces of evidence identified in his three appellate issues.  However, the brief omits any discussion of the evidence identified by Issue Two, testimony by Mr. Goodacre's father.  Because Appellant's brief fails to provide substantive analysis or argument supported by citation to legal authority, Issue Two is waived.  Instead, Appellant makes one conclusory statement on this matter rather than engage in a discussion of why the trial court erred by admitting the testimony by Mr. Goodacre's father.  Therefore, we find Appellant's second issue inadequately briefed.  *See* TEX.R.APP.P. 38.1(I); *Lozada v. Farrall & Blackwell Agency, Inc.*, 323 S.W.3d 278, 286 (Tex.App.--El Paso 2010, no pet.).  Issue Two is overruled.

The remainder of Appellant's issues are based on Texas Rule of Evidence 403.  In Issue One, Appellant contends that the evidence that he may have provoked the shooting by laughing and blowing kisses toward individuals he knew to be rival gang members, was lawful conduct.  He argues that the act was directed at the driver, not the shooter, and that he could not have

anticipated that a person sitting in the back seat of the car would shoot at him and kill a bystander when the bullet went astray. Similarly in Issue Three, Appellant contends that the evidence of his reluctance to cooperate with the authorities was inadmissable for punishment because he was not required by law to cooperate. He also contends that the relevance of the evidence is further diminished by the fact that Appellant did finally cooperate. In reviewing a Rule 403 objection, we first decide whether the evidence is relevant. *See Montgomery*, 810 S.W.2d at 375. Evidence must be relevant in order to be admissible. TEX.R.EVID. 402. At the punishment phase of a criminal trial, evidence is admissible if:

> [T]he court deems [it] relevant to sentencing, including but not limited to . . . [defendant's] character, an opinion regarding his character . . . and, notwithstanding Rules 404 and 405, Texas Rules of Evidence, any other evidence of an extraneous crime or bad act that is shown beyond a reasonable doubt by evidence to have been committed by the defendant or for which he could be held criminally responsible, regardless of whether he has previously been charged with or finally convicted of the crime or act.

TEX.CODE CRIM.PROC.ANN. art. 37.07, § 3(a)(1)(West Supp. 2010).

The trial court is afforded a broad discretion in evaluating the relevance of the evidence. *See Montgomery*, 810 S.W.2d at 378-79. The trial court acts within its discretion to judge the evidence of certain conduct as relevant, even though a significant segment of the society consider the conduct as normal and innocent. *Id*.

In this instance, the trial court had discretion to conclude that Appellant's conduct of laughing and blowing kisses to a rival gang member posed a great danger to the community and did in fact cause the death of an innocent bystander. *See Montgomery*, 810 S.W.2d at 378-79. The trial court also had discretion to conclude that Appellant's reluctance to cooperate with the authorities when an innocent person was killed manifested his disregard for the value of human

-5-

life.  *Id*.  Therefore, such evidence is relevant for proving Appellant's character and for assessing the punishment he deserved.  *See* TEX.CODE CRIM.PROC.ANN. art. 37.07, § 3(a)(1).  The fact that many people may consider Appellant's conduct as legitimate and innocent does not affect the relevance of the evidence.  *See Montgomery*, 810 S.W.2d at 381-82.

This does not end our analysis however, as relevant evidence must still be excluded if the probative value of the evidence is substantially outweighed by the danger of unfair prejudice.  *See* TEX.R.EVID. 403; *Rogers v. State*, 991 S.W.2d 263, 266 (Tex.Crim.App. 1999).  Rule 403 favors the admission of relevant evidence, and carries a presumption that relevant evidence will be more probative than prejudicial.  *Conner v. State*, 67 S.W.3d 192, 202 (Tex.Crim.App. 2001).  The rule requires exclusion of evidence only when there is a clear disparity between the degree of prejudice of the offered evidence and its probative value.  *Conner*, 67 S.W.3d at 202.

To determine whether the probative value is substantially outweighed, the court should consider several factors.  *Wyatt v. State*, 23 S.W.3d 18, 26 (Tex.Crim.App. 2000).  The first factor asks how probative the evidence is to a fact of consequence.  *State v. Mechler*, 153 S.W.3d 435, 440 (Tex.Crim.App. 2005).  In essence, this factor asks the court to determine whether or not the evidence is relevant.  *See* TEX.R.EVID. 402.  As we discussed above, the evidence of Appellant's conduct immediately prior to the shooting, as well as his behavior during the police interview are both relevant to assessing Appellant's punishment.

The second factor asks the court to consider the potential for the challenged evidence to impress the jury in an irrational way.  *See Wyatt*, 23 S.W.3d at 26.  In this case, the challenged evidence's potential to have an overwhelming effect on the jury was limited by an instruction in the court's charge.  Absent circumstances not present here, the jury is presumed to have

understood and followed the court's written instruction. *See Hutch v. State*, 922 S.W.2d 166, 172 (Tex.Crim.App. 1996). As such, the evidence's potential to effect their deliberations in an irrational way was also limited.

Third, the court should consider the amount of time needed for the proponent to present the evidence. *See Wyatt*, 23 S.W.3d at 26. Both the evidence of Appellant's provoking behaviors prior to the shooting, and the evidence of Appellant's uncooperativeness were developed through Detective Lopez's testimony. Appellant does not contend that the detective's testimony took an overwhelming amount of time to present to the jury. It appears that the entire punishment phase, including testimony by eight witnesses, was concluded in a single day. In these circumstances, it does not appear that the evidence required a inordinate amount of time to develop.

Finally, the court should consider whether the evidence is necessary to prove a fact of consequence. *Wyatt*, 23 S.W.3d at 26. During the punishment phase evidence related to the defendant's character, his reputation, and the circumstances surrounding the offense may be offered to assist the jury in tailoring the sentence to the defendant. *See* TEX.CODE CRIM.PROC. ANN. art. 37.07, § 3(a)(1); *Hayden v. State*, 296 S.W.3d 549, 552 (Tex.Crim.App. 2009). The evidence challenged in Issues One and Three spoke directly to the nature of Appellant's character, and his lack of concern for the safety of others. The evidence was necessary to assist the jury in determining the appropriate punishment to assess.

In light of our analysis of the challenged evidence under Rule 403, we conclude the trial court did not abuse its discretion by overruling Appellant's objections. Accordingly, Issues One and Three are overruled and we affirm the trial court's judgment.

August 31, 2011

DAVID WELLINGTON CHEW, Chief Justice

Before Chew, C.J., McClure, and Rivera, JJ.

(Do Not Publish)