**F I L E D**
IN THE 13TH COURT OF APPEALS
CORPUS CHRISTI

3/3/15

**DORIAN E. RAMIREZ, CLERK**
**BY** DTello

ACCEPTED
13-14-00465-CR
THIRTEENTH COURT OF APPEAL
CORPUS CHRISTI, TEXAS
3/3/2015 2:12:03 PM
DORIAN RAMIREZ
CLERK

CAUSE 13-14-00465-CR

IN THE THIRTEENTH SUPREME JUDICIAL DISTRICT OF TEXAS AT

CORPUS CHRISTI, TEXAS

RECEIVED IN
13th COURT OF APPEALS
CORPUS CHRISTI/EDINBURG, TEXAS
3/3/2015 2:12:03 PM
DORIAN E. RAMIREZ
Clerk

ABELINO HERNANDEZ, APPELLANT

VS.

THE STATE OF TEXAS

APPELLANT'S BRIEF

Trial Cause 14-04-27866-A; Victoria Co. District Court

Submitted by

W. A. (BILL) WHITE
Attorney for Appellant
POB 7422, Victoria, TX 77903
(361) 575-1774 voice & fax
TBN 00788659

NO ORAL ARGUMENT REQUESTED

1

## IDENTITY OF PARTIES

The parties are appellant, Abelino Hernandez, and the State.  Appellant was a resident of Victoria County during his trial.

Appellant was represented at trial by Christopher Janak, Attorney at Law, 11 Regency Row Drive, San Antonio, Texas 78248.  Appellant is represented on appeal by W. A. (Bill) White, Attorney at Law, POB 7422, Victoria, Texas 77903.

The State was represented at trial by Edward Wilkinson, ADA, Victoria Co. District Attorney's Office, 205 N. Bridge St., Suite 301, Victoria, Texas 77901.

Appellant's counsel anticipates that the State's reply brief will be prepared and filed by Brendan Guy, ADA, Victoria Co. District Attorney's Office, 205 N. Bridge St., Suite 301, Victoria, Texas 77901 or another attorney at said office's designation.

## TABLE OF CONTENTS

                                                    Page

Index of Authorities                                 4

Appellant's Brief                                    5

Statement of the Case                                5

Point of Error                                       6

Prayer                                              11

Certificate of Service                             11

Certificate of Compliance                          12

INDEX OF AUTHORITIES

Cases                                                    Page

*Erazo v. State,* 144 S.W.3d 487 (Tex.Crim.App. 2004)   9

*Mozon v. State,* 991 S.W.2d 841 (Tex.Crim.App. 1991)   9

*Rogers v. State,* 991 S.W.2d 263 (Tex.Crim.App. 1999)  9

CAUSE 13-14-00465-CR
Trial Cause 14-04-27866-A

ABELINO HERNANDEZ, Appellant          IN THE THIRTEENTH

VS.                                   COURT OF APPEALS AT

THE STATE OF TEXAS                    CORPUS CHRISTI, TEXAS


APPELLANT'S BRIEF

TO THE HONORABLE JUSTICES OF SAID COURT:

COMES NOW APPELLANT, ABELINO HERNANDEZ, through counsel of record, W. A. (BILL) WHITE, Attorney at Law, presenting:

STATEMENT OF THE CASE

Appellant was indicted by the Victoria Co. grand jury in April 2014 for aggravated robbery. On 8/11/14, jury selection began, with trial on the merits beginning on 8/12/14. Appellant pled "not guilty". Appellant's jury convicted him of aggravated robbery on 8/13/14, and punishment trial before the bench then commenced immediately. Appellant pled "true" to two felony enhancement paragraphs alleged in the State's notice of intent. After testifying at his punishment

trial, and after admitting his guilt for aggravated robbery, the court assessed punishment and sentenced appellant to 30 years in prison, plus court costs.

The State originally alleged aggravated robbery in its indictment under two theories, by use of a deadly weapon and for victimizing an elderly individual. Before the trial court submitted its charge to the jury, the State abandoned its deadly weapon allegation, relying on the elderly status of the complaining witness to make the offense aggravated.

Appellant timely filed notice of appeal.

## POINT OF ERROR

THE TRIAL COURT ERRED BY ALLOWING THE STATE TO PRESENT UNNECESSARY AND UNFAIRLY PREJUDICIAL FINGERPRINT TESTIMONY DURING THE GUILT/INNOCENCE PHASE

During the guilt/innocence phase, the State presented testimony through Officer Holly Jedlicka of the Victoria Police Department about fingerprint evidence. (RR Vol. 5, p. 122, line 14 through p. 123, line 13). Officer Jedlicka mentioned AFIS, a DPS

6

database named Automated Fingerprint Information System. (RR Vol. 5, p. 122, line 24 through p. 123, line 13). Jedlicka stated in reference to AFIS, *"Once you're booked into any jail facility* your prints automatically go in there for comparison." (RR Vol. 5, p. 123, lines 4-6)(italics added).

The prosecutor followed with, *"So it's not just criminals.* It's all of us that work for the State or have background checks run will go into AFIS?" (RR Vol. 5, p. 123, lines 10-13)(italics added). Jedlicka answered, "Yes."

Defense counsel objected to these questions. (RR Vol. 5, p. 123, lines 17-25). The trial court noted this objection, citing on the record *Mata v. State,* 2007 WL 882439 *sua sponte.* This "noting" of defense counsel's objection must have been, in effect, an overruling, because the court allowed the State to continue its testimony. Interestingly, the State's testimony immediately established that *none* of the fingerprints located at the robbery's scene (a

7

convenience store) matched appellant's fingerprints in AFIS. (RR Vol. 5, pp. 124-125).

All the fingerprint testimony *truly* achieved for the State was the fact that appellant's fingerprints were already in the AFIS database before trial, when the robbery was initially investigated. It established that appellant was already a "criminal", and that he had previously been "booked into any jail facility" before the charged offense. It was a clear hint, telegraphed plainly to appellant's jury, that he already had a criminal record or previous contacts (i.e., arrests) with law enforcement. In short, it was merely a "smear" of appellant, without real probative value.

The State may counter that, since testimony further explained that State employees and others who have undergone background checks are also in AFIS, there is no clear reference to appellant as a "criminal". Regardless, this testimony harmed appellant. It is unlikely that any jury would believe a defendant

accused of robbing a convenience store with a knife is a former State employee, or that his background was once checked so he could coach his son's Little League team.

Unfair prejudice … refers to the undue tendency of evidence to suggest a decision on an improper basis. *See Rogers v. State,* 991 S.W.2d 263, 266 (Tex.Crim.App. 1999). When reviewing the trial court's decision, we are to reverse the trial court's judgment "rarely and only after a clear abuse of discretion." *Mozon v. State,* 991 S.W.2d 841, 847 (Tex.Crim.App. 1991). When making this determination, we consider the following factors: (1) the probative value of the evidence; (2) the potential to impress the jury in some irrational, yet indelible way; (3) the time needed to develop the evidence; and (4) the proponent's need for the evidence. *Erazo v. State,* 144 S.W.3d 487, 489 (Tex. Crim.App. 2004).

Applying *Erazo,* the probative value of fingerprints which fail to identify the defendant or place him at

the crime scene, or to connect him with the crime in some other way, was zero.  The potential of this evidence to impress appellant's jury in an irrational, indelible way was tremendous.  Prosecutors know that any implication that a defendant is already a "criminal" or repeat offender at trial carries undeniable weight with juries.  The time needed to develop this evidence appears, on the cold record, to have been relatively brief.

Most importantly, the proponent's need for introducing testimony about AFIS, and why fingerprints are in it, was also zero.  If the State for any reason felt at trial that it was necessary to cover all bases and show that appellant's fingerprints were absent from the knife used in this crime or from the crime scene itself, it could have asked any police witness with personal knowledge, "Were the defendant's fingerprints found at the crime scene?", or, "Were they found on the knife?"  With these simple questions, the State could have introduced its fingerprint evidence while still

avoiding *any* potential for unfair prejudice against appellant.

## PRAYER

Appellant prays that conviction be reversed and that this cause be remanded for new trial.

Respectfully submitted,

*/s/ W. A. White*
W. A. (BILL) WHITE
ATTORNEY FOR APPELLANT
POB 7422, Vict., TX 77903
(361) 575-1774 voice/fax
TBN 00788659

## CERTIFICATE OF SERVICE

I certify that a true and correct copy or duplicate original of the foregoing has been provided to Brendan Guy, ADA, Victoria Co. District Attorney's Office, 205 N. Bridge, Suite 301, Victoria, TX 77901 via U.S. mail, facsimile, electronic delivery, or hand-delivery on this the 3rd day of March, 2015.

*/s/ W. A. White*
W. A. White

## CERTIFICATE OF COMPLIANCE

I certify that this brief contains 1,268 words.

/s/ W. A. White
W. A. White