

NUMBER 13-15-00054-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

RUSSELL WAYNE MCSLAND, **Appellant,**

**v.**

THE STATE OF TEXAS, **Appellee.**

**On appeal from the 24th District Court of
Jackson County, Texas.**

# MEMORANDUM OPINION

**Before Justices Rodriguez, Benavides and Perkes
Memorandum Opinion by Justice Benavides**

By a single issue, appellant Russell Wayne McSland appealed his jury sentence

of ninety-nine years imprisonment following his conviction for possession of

methamphetamine, a third degree felony that was elevated to a first degree felony. *See*

TEX. HEALTH & SAFETY CODE ANN. § 481.115(c) (West, Westlaw through 2015 R.S.).

McSland argues on appeal that the trial court abused its discretion by allowing evidence of how methamphetamine is manufactured during the punishment phase of his trial. We affirm.

## I.  BACKGROUND

A jury convicted McSland of possession of methamphetamine with intent to deliver. *See id.* McSland pleaded true to two enhancement paragraphs for prior felony convictions, which made the range of punishment twenty-five to ninety-nine years imprisonment or life and a fine not to exceed ten thousand dollars. During the punishment phase of the trial, the State introduced testimony and documentary evidence regarding how methamphetamine is manufactured. McSland's trial counsel objected to the relevance of this testimony. The trial court overruled this objection. The jury subsequently assessed McSland's punishment at ninety-nine years' imprisonment with the Texas Department of Criminal Justice's Institutional Division. This appeal followed.

## II.  ADMISSIBILITY OF EVIDENCE

By a single issue, McSland asserts that the trial court abused its discretion during the punishment phase of his trial by admitting evidence regarding the manufacturing of methamphetamine because the evidence was not relevant to his conviction for possession with intent to deliver.

### A.  Standard of Review and Applicable Law

We review questions regarding whether the trial court erred in admitting evidence for an abuse of discretion. *Montgomery v. State*, 810 S.W.2d 372, 379 (Tex. Crim. App. 1990). Therefore, so long as the trial court's ruling was at least within the "zone of reasonable disagreement," we will not interfere with the trial court's decision. *Id.* at 391.

When deciding what evidence is admissible during the punishment phase, the State may offer evidence "as to any matter the court deems relevant to sentencing." *See* TEX. CODE CRIM. PROC. ANN. art. 37.07, § 3(a) (West, Westlaw through 2015 R.S.). The Texas Code of Criminal Procedure does not specifically define the term "relevant." *See id.* In our analysis, we are guided by article 37.07, section 3(a) of the Texas Code of Criminal Procedure, which provides that evidence "relevant to sentence" includes, but is not limited to: (1) the prior criminal record of the defendant; (2) the defendant's general reputation; (3) the defendant's character; (4) an opinion regarding the defendant's character; (5) the circumstances of the offense being tried; and (6) notwithstanding Texas Rules of Evidence 404 and 405, any other evidence of an extraneous crime or bad act that is shown beyond a reasonable doubt by evidence to have been committed by the defendant or for which the defendant could be held criminally responsible, regardless of whether the defendant has previously been charged with or finally convicted of the crime or act. *See id.*

Given the broad standard of article 37.07, section 3(a), the admissibility of evidence at the punishment phase of a non-capital felony offense is a function of policy rather than relevancy. *See Miller–El v. State*, 782 S.W.2d 892, 895 (Tex. Crim. App. 1990). Accordingly, the Court of Criminal Appeals has observed that in determining what is "relevant to sentencing," the important question is "what is helpful to the jury in determining the appropriate sentence for a particular defendant in a particular case." *See Rogers v. State*, 991 S.W.2d 263, 265 (Tex. Crim. App. 1999) (en banc).

**B. Discussion**

The trial court admitted testimony and documentary evidence at the punishment phase, over defense counsel's objection, of how methamphetamine is manufactured or

created.  McSland argues this evidence was irrelevant and inadmissible because the jury convicted him of possessing methamphetamine with intent to deliver it, not for manufacturing it himself.  However, we find this testimony was relevant because it gave the jury a full view of the methamphetamine drug chain from creation to consumer.  This full account allowed the jury to determine the appropriate punishment for the role McSland played in the broader drug trade.  We cannot conclude that the trial court abused its discretion in admitting this evidence because it was helpful to the jury in determining an appropriate sentence for the crime he did commit.  *See id.*  We overrule McSland's sole issue.

### III.    CONCLUSION

We affirm the trial court's judgment.

GINA M. BENAVIDES,
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
14th day of July, 2016.

4