ACCEPTED
07-15-00357-CR
SEVENTH COURT OF APPEALS
AMARILLO, TEXAS
11/16/2015 3:19:01 PM
Vivian Long, Clerk

## CASE NO. 07-15-00357-CR

<table>
<tr><td>

**IN THE**

**COURT OF APPEALS**

**FOR THE**

**SEVENTH JUDICIAL DISTRICT**

**AMARILLO, TEXAS**

</td><td>

FILED IN
7th COURT OF APPEALS
AMARILLO, TEXAS

11/16/2015 3:19:01 PM

VIVIAN LONG
CLERK

</td></tr>
</table>

**MICHAEL ANTHONY COLE PHILLIPS, Lender**

**VS.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from Cause No. 38,331
in the 66th Judicial District Court
of Hill County, Texas
Honorable A. Lee Harris, Judge Presiding**

### BRIEF FOR APPELLANT

**ORAL ARGUMENT REQUESTED
Pursuant to Rule 39.7,
Texas Rules of Appellate Procedure**

> **GREGG HILL
> Sims Moore Hill & Gannon, L.L.P.
> P. O. Box 1096
> Hillsboro, Texas 76645
> Telephone: 254/582-5346
> Facsimile: 254/582-7667
> Email: gh@smhglaw.com
> State Bar No.: 09633600**
>
> **ATTORNEY FOR APPELLANT**
>
> **November 16, 2015**

CASE NO. 07-15-00357-CR

IN THE

COURT OF APPEALS

FOR THE

SEVENTH JUDICIAL DISTRICT

AMARILLO, TEXAS

**MICHAEL ANTHONY COLE PHILLIPS, Appellant**

**VS.**

**THE STATE OF TEXAS, Appellee**

On Appeal from Cause No. 38,331
in the 66th Judicial District Court
of Hill County, Texas
Honorable A. Lee Harris, Judge Presiding

**BRIEF FOR APPELLANT**

**TO THE HONORABLE JUSTICES OF THE COURT OF APPEALS:**

Comes now, MICHAEL ANTHONY COLE PHILLIPS, hereinafter referred to as Appellant, and files this brief seeking reversal of the final judgment and sentence against his dated July 15, 2015. In support of reversal, Appellant shows the Court:

# LIST OF NAMES OF PARTIES

The following is a complete list of all parties to the trial court's judgment and the names and addresses of all trial and appellate counsel.

APPELLANT:        MICHAEL ANTHONY COLE PHILLIPS
              Texas Department of Criminal Justice
              Beto Unit
              1391 FM 3328
              Tennessee Colony, Texas 75880
              TDCJ No. 02009180

COURT APPOINTED ATTORNEY
  FOR APPELLANT ON APPEAL:   GREGG HILL
              Sims Moore Hill & Gannon, L.L.P.
              P. O. Box 1096
              Hillsboro, Texas 76645

COURT APPOINTED ATTORNEY
  FOR APPELLANT AT TRIAL:    MARK MORRIS
              Attorney at Law
              Woolworth Suites
              605 Austin Avenue, Suite 2
              Waco, Texas 76701

ATTORNEY FOR STATE:     MARK F. PRATT
              HILL COUNTY DISTRICT ATTORNEY
              P. O. Box 400
              Hillsboro, Texas 76645

              NICOLE CRAIN
              HILL COUNTY ASSISTANT
                DISTRICT ATTORNEY
              P. O. Box 400
              Hillsboro, Texas 76645

TRIAL JUDGE:        A. LEE HARRIS
              66TH JUDICIAL DISTRICT COURT
              P. O. Box 284
              Hillsboro, Texas 76645

# TABLE OF CONTENTS

**PAGE**

LIST OF NAMES OF PARTIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  i

TABLE OF CONTENTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  ii

INDEX OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  iii

STATEMENT OF THE CASE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  1

ISSUES PRESENTED.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  2

       ISSUE NO. 1:

       THE TRIAL COURT ERRED IN ALLOWING THE STATE TO INTRODUCE
       EXCESSIVELY GRUESOME PHOTOGRAPHS IN THE PUNISHMENT PHASE
       OF THE TRIAL. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  2

STATEMENT OF FACTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  3

ARGUMENT AND AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  4

       A.    APPLICABLE LAW. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  4

       B.    APPLICATION OF LAW TO FACTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  7

       C.    CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  9

PRAYER FOR RELIEF.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  10

CERTIFICATE OF COMPLIANCE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  10

CERTIFICATE OF SERVICE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  10

# INDEX OF AUTHORITIES

**PAGE**

**I.** **CASE LAW**

**COURT OF APPEALS**

Rogers v. State, 991 S.W.2d 263, 265 (Tex.Crim.App. 1999). . . . . . . . . . . . . . . . . . . . . . . 5

Miller-El v. State, 782 S.W.2d 892, 895 (Tex.Crim.App. 1990).. . . . . . . . . . . . . . . . . . . 5

Gigliobianco v. State, 210 S.W.3d 637 (Tex.Crim.App. 2006).. . . . . . . . . . . . . . . . . . . 5, 6

Hayes v. State, 85 S.W.3d 809 (Tex.Crim.App. 2002). . . . . . . . . . . . . . . . . . . . . . . 6, 7, 8, 9


**II.** **STATUTES**

**CODE OF CRIMINAL PROCEDURE**

Texas Code of Criminal Procedure, Article 37.07.. . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5


**III.** **RULES**

**TEXAS RULES OF EVIDENCE**

Texas Rules of Evidence, Rule 401. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Texas Rules of Evidence, Rule 403. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6, 7, 8, 9

## STATEMENT OF THE CASE

MICHAEL ANTHONY COLE PHILLIPS ("Phillips") was charged by amended indictment on July 8, 2015, with Aggravated Robbery for an offense alleged to have occurred on May 16, 2014. The indictment alleged a prior conviction for Burglary of a Habitation. (C.R. Pg. 4). The prior conviction allegation resulted in Phillips being subject to a range of punishment of not less than 15 years or more than 99 years or life in prison.

On July 13, 2015, Phillips waived a jury trial as to guilt/innocense and entered a plea of guilty to the charge and a plea of true to the enhancement allegation. (R.R. Vol. 2, Pg. 5 - 7). The Trial Court found Phillips guilty and found the enhancement allegation true and proceeded to a jury trial on punishment. Following said trial, the jury assessed punishment at confinement for LIFE in the Texas Department of Criminal Justice, Institutional Division. (C.R. Pg. 29). Appellant filed a Notice of Appeal on August 13, 2015. (C.R. Pg. 130).

# ISSUES PRESENTED

**ISSUE NO. 1.**

**THE TRIAL COURT ERRED IN ALLOWING THE STATE TO INTRODUCE EXCESSIVELY GRUESOME PHOTOGRAPHS IN THE PUNISHMENT PHASE OF THE TRIAL.**

# STATEMENT OF FACTS

On May 16, 2014, in rural Hill County, Texas, Appellant, MICHAEL ANTHONY COLE PHILLIPS, ("Phillips") and Danny Weir, Jr. ("Weir") broke into a ranch house owned by Kathy and Skip Harless. The Harlesses' dog alerted them to the intruders. Mr. Harless confronted them with a gun and tried to force them out of the house. At some point the intruders hit Mr. Harless and took his gun. The Harlesses were subsequently beaten and items were taken from the home. Mr. Harless, in particular, suffered serious, permanent injuries. Mrs. Harless also sustained injuries in the beating.

Items stolen from the ranch were located in McLennan County, Texas, and eventually connected to Phillips and Weir. After questioning the suspects, it was eventually determined they were the intruders.

At trial, Phillips pled guilty to the court, admitting to the robbery of the Harlesses. Mrs. Harless testified at the punishment phase. Mr. Harless did not testify. Mrs. Harless testified extensively as to the nature and extent of the injuries to both of them. During subsequent testimony by a law enforcement officer, the State introduced (*over objection*) a series of 10 highly inflammatory photographs of a puddle of blood (R.R. Vol. 14, Ex. 52 - 54) and the victims in the hospital (R.R. Vol. 4, Ex. 58 - 63).

## ARGUMENT AND AUTHORITIES

**ISSUE NO. 1.**

**THE TRIAL COURT ERRED IN ALLOWING THE STATE TO INTRODUCE EXCESSIVELY GRUESOME PHOTOGRAPHS IN THE PUNISHMENT PHASE OF THE TRIAL.**

**ARGUMENT.**

**THE TRIAL COURT ERRED IN ADMITTING THE GRAPHIC PHOTOGRAPHS OF A HUGE PUDDLE OF BLOOD AND THE VICTIMS IN THE HOSPITAL. APPELLANT HAD ALREADY PLED GUILTY, ONE VICTIM HAD ALREADY BEEN ALLOWED TO TESTIFY EXTENSIVELY AS TO THE NATURE OF THEIR INJURIES, AND THE ONLY POSSIBLE PURPOSE WAS TO INFLAME RATHER THAN EDUCATE THE JURORS.**

### A.    APPLICABLE LAW

**1.    Punishment Evidence.**

The introduction of evidence at the punishment phase of a trial is governed by Article 37.07 of the Code of Criminal Procedure.  Admittedly, it allows for a much wider range of admissible evidence than in the guilt/innocense phase.

**Art. 37.07 Sec. 3(a)(i)**

> **"Regardless of the plea and whether the punishment be assessed by the judge or the jury, evidence may be offered by the State and the defendant as to any matter the court deems relevant to sentencing . . . "**

Even with that broadly worded statute, there are still limits to how far the State can go in the introduction of punishment evidence.

-4-

Often when faced with admissibility issues, we apply the tests from Texas Rules of Evidence, Rule 401 and Rule 403. We first ask whether the evidence is relevant as defined in Rule 401. If it is, we ask whether it should be excluded under the probative value versus unfair prejudice test of Rule 403.

## 2.    Relevancy.

Texas courts have held that a Rule 401 analysis is unnecessary when analyzing the admissibility of punishment evidence. Relevance, for the purposes of punishment evidence was defined by the Court of Criminal Appeals as "*what is helpful to the jury in determining the appropriate sentence in a particular case*," Rogers v. State, 991 S.W.2d 263, 265 (Tex.Crim.App. 1999). That case relied on the earlier ruling in Miller-El v. State, 782 S.W.2d 892, 895 (Tex.Crim.App. 1990), where the court held "*admissibility of evidence at the punishment phase of a non-capital felony offense is a function of policy rather than relevancy. This is so because by and large there are no discreet factual issues at the punishment stage.*"

## 3.    Rule 403 Analysis.

Because of this line of cases doing away with Rule 401 analysis of punishment evidence, we can be misled into believing that the door is wide open to introduce anything even remotely connected to the offense or defendant. This is not true. These cases do not remove Rule 403 analysis of punishment evidence. Even if relevant under the broad definition of Art. 37.07, evidence still must be excluded if it's "*probative value is substantially outweighed by the danger of unfair prejudice. . . .*". Rule 403 Texas Rules of Evidence. The rule is explained very well in Gigliobianco v. State, 210 S.W.3d 637 (Tex.Crim.App. 2006).

In that case, the court explained that probative value simply means relevance. It explained unfair prejudice as a "*tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one*" or evidence that "*arouses the jury's hostility or sympathy for one side without regard to the logical probative force of the evidence.*" Gigliobianco at 641.

Additionally, the court gave a very clear, concise guide as to how to perform the Rule 403 balancing act.

> **"In summary, a trail court, when undertaking a Rule 403 analysis, must balance (1) the inherent probative force of the proffered item of evidence along with (2) the proponent's need for that evidence against (3) any tendency of the evidence to suggest decision on an improper basis, (4) any tendency of the evidence to confuse or distract the jury from the main issues, (5) any tendency of the evidence to be given undue weight by a jury that has not been equipped to evaluate the probative force of the evidence, and (6) the likelihood that presentation of the evidence will consume an inordinate amount of time or merely repeat evidence already admitted. Of course, these factors may well blend together in practice."**

Gigliobianco at 641 - 642.

**4.    Photographic Evidence.**

In addition to the usual questions of relevancy and unfair prejudice, we have additional guidance when faced with introduction of photographs.

The Court of Criminal Appeals, in Hayes v. State, 85 S.W.3d 809 (Tex.Crim.App. 2002), lists several factors for trial courts to consider when doing the Rule 403 analysis on photographs:

- **the number of exhibits offered**
- **their gruesomeness**
- **their detail**
- **their size**
- **whether they are in color**
- **whether they are close-up**

- **whether the body is clothed or naked**
- **availability of other means of proof**
- **circumstances unique to each individual case**

Hayes at 815.

## B.    APPLICATION OF LAW TO FACTS

**1.    Testimony of Kathy Harless.**

The State's chief witness at the punishment hearing was Kathy Harless, one of the robbery victims. She described in detail the events of that night and the actions of Phillips and Weir. Her direct examination testimony takes up about 30 pages in the transcript (R.R. Vol. 2, Pg. 120 - 151). Of that, 12 pages are taken in the description of their injuries. Without question, the injuries to Mr. Harless were terrible. The description was compelling and graphic, especially as to the permanent damage to the skull. Her testimony alone was ample to paint in the jurors' minds a terrible picture of the damage caused.

**2.    Testimony of James McClanahan.**

Since the Defendant had already admitted his involvement in the crime, James McClanahan, the lead investigator was called primarily for the purpose of identifying and introducing a good number of photographs of the crime scene, among other things. (R.R. Vol. 4, Pg 183 - 203). The vast majority of the photographs were not objectionable and were admitted without argument. However, two groups of photographs were the source of argument and this appeal.

**3.    Blood Pool Photographs.**

Exhibits 52, 53 and 54 are disgusting color photographs of a huge pool of blood on the floor with an unfired cartridge standing upright in the middle of it. Trial counsel objected to the introduction on Rule 403 ground. He clearly stated the objection and his reasoning. (R.R. Vol. 2, Pg. 190 - 191).

There is no compelling reason for waiving these bloody photographs in front of the jury when the Defendant had pled guilty and the victim had testified extensively (*without dispute*) as to the nature of the injuries. Applying the Rule 403 analysis and the factors from Hayes, the photographs should not have been admitted.

- **There were three when one would have sufficed**
- **They were very gruesome**
- **They were close-up (especially 53)**
- **They were in color**
- **Other means of proof were available**

The unfair, prejudicial effect greatly outweighed any probative value. They were introduced simply to inflame the jury and, no doubt, did just that.

**4.      Hospital Photographs.**

A short time after the photographs of the bloody pool were introduced, the State offered Exhibits 55 and 58 through 63. (R.R. Vol. 2, Pg. 202 - 203). Exhibit 55 depicted Kathy Harless in the hospital and the injuries to her head and face. Exhibits 58 through 63 are very detailed close-up graphic photographs showing Skip Harless in a hospital bed the day after the robbery. They show the results of medical care, a great deal of blood and wounds. Because his eyes are shut and they are still photographs, they almost give the appearance that Mr. Harless (*who did not testify*) is deceased. Again, pursuant to Rule 403 and the Hayes test, these photographs should be excluded.

- **Multiple exhibits of the same injuries**
- **Very gruesome**
- **Very detailed**
- **Color photographs**
- **Close-up photographs**
- **Close-up, especially Exhibit 60**
- **Other proof was available**

Again, as with the blood photographs, their unfair, prejudicial effect greatly outweighed any probative value. They were simply introduced to inflame the jury to make a decision based on emotion.

## C.   CONCLUSION

The blood pool photographs and hospital photographs should not have been admitted since they all fail the Rule 403 balancing test and the factors from <u>Hayes</u>.

## PRAYER FOR RELIEF

For the reasons herein alleged, Appellant prays that this Court reverse the judgment of the trial court and remand the case for a new trial on punishment.

Respectfully submitted,

By: **/s/ Gregg Hill**
    Gregg Hill
    State Bar No. 09633600

**Sims Moore Hill & Gannon, L.L.P.**
Attorneys at Law
211 E. Franklin Street
P. O. Box 1096
Hillsboro, Texas 76645
Telephone: 254/582-5346
Facsimile: 254/5872-7667
Email: gh@smhglaw.com

**ATTORNEYS FOR APPELLANT**

## CERTIFICATE OF COMPLIANCE

I, the undersigned attorney, do hereby certify that this Brief for Appellant is 2,393 words which is in compliance with the Texas Rules of Appellate Procedure Rule 9.4.

**/s/ Gregg Hill**
**Gregg Hill**

## CERTIFICATE OF SERVICE

I, the undersigned attorney, do hereby certify that a true and correct copy of the foregoing Brief for Appellant was served on Hon. Mark F. Pratt, District Attorney, by depositing same in the United States mail, postage prepaid, on November 16, 2015.

**/s/ Gregg Hill**
**Gregg Hill**

F:\Docs\GH\PhillipsMichael-App\Brief.wpd