**Opinion filed February 9, 2023**



In The

# Eleventh Court of Appeals

_____

## No. 11-21-00071-CR
_____

## LANDON BRODIE HARRIS, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 32nd District Court**

**Mitchell County, Texas**

**Trial Court Cause Nos. 8001A, 8002A, 8003A,
8005A, 8006A, 8008A, 8125, & 8126**

## M E M O R A N D U M   O P I N I O N

Landon Brodie Harris, Appellant, pleaded guilty to six counts of sexual assault of a child and two counts of indecency with a child by sexual contact, each offense a second-degree felony. *See* TEX. PENAL CODE ANN. § 22.011 (West Supp. 2022), § 21.11 (West 2019). He proceeded to a bench trial on punishment, where the trial court sentenced him to sixteen years' confinement in the Institutional

Division of the Texas Department of Criminal Justice for each count, with each sentence running concurrently.

Appellant raises three issues on appeal; all three issues relate to the trial court's refusal to admit a letter written by the victim, K.W. Appellant contends, first, that the trial court abused its discretion in excluding the letter under Rule 412 of the Texas Rules of Evidence; second, that the exclusion of the letter violated Appellant's right to confront the victim; and third, that the exclusion of the letter violated Appellant's right to a fair sentencing proceeding. We affirm the judgments of the trial court.

*Factual and Procedural History*

The local community regarded Appellant as an upstanding member of Colorado City. He was an active member of Mitchell County 4-H and was named "Friend of 4-H" in 2006. The Colorado City Chamber of Commerce named him "citizen of the year" for 2007. In 2011, the Colorado City volunteer fire department named Appellant an honorary fireman.

K.W. and his parents were neighbors of Appellant. Appellant sometimes showed up two or three times a week to K.W.'s house for events, such as a barbecue, or to pick K.W. up to help Appellant check cattle, unload feed, or work on a local fundraiser. His neighbors did not anticipate him using this trust to sexually assault their son, K.W., at least eight times from 2008 to 2010—when K.W. was fourteen to sixteen years old. In 2010, K.W. ended the sexual relationship, but it was not until 2019 that K.W. opened up about the assaults in a letter he wrote to his parents. The letter did not name Appellant; it was not until K.W.'s mother pressed that K.W. gave Appellant's name. K.W.'s parents then contacted the sheriff's office, and they opened an investigation.

The details of each encounter are unnecessary to repeat, but it is important to note that Appellant argued that these encounters were consensual and that K.W. was

2

not manipulated into sex despite his testimony. Appellant describes the presence or absence of manipulation as the "key factual dispute" for the determination of punishment. Because of this "key" fact, Appellant sought to introduce, in its entirety, K.W.'s letter to his parents. But the letter contained more than the circumstances of the assault; it was K.W.'s narrative of his life and formative experiences from a young age to the time the letter was written, nine years after the assaults ended. After a lengthy colloquy at the bench, the trial court only admitted the portion of the letter that was directly related to the sexual assaults committed by Appellant; the remaining contents of the letter were excluded. The trial court announced on the record that it balanced the probative value of the letter against the risk of unfair prejudice. The trial court further found that the excluded parts of the letter were not relevant to punishment and ran the risk of injecting additional and unnecessary information into sentencing. Appellant made a timely offer of proof with the whole letter and asserted timely objections to the trial court's rulings under Rule 401, 402, 403, 412, the Due Process Clause, the Confrontation Clause, and the right to effective assistance of counsel.

*Standard of Review*

We review the trial court's exclusion of evidence under an abuse of discretion standard. *Rhomer v. State*, 569 S.W.3d 664, 669 (Tex. Crim. App. 2019); *Wall v. State*, 184 S.W.3d 730, 743 (Tex. Crim. App. 2006); *Render v. State*, 347 S.W.3d 905, 917 (Tex. App.—Eastland 2011, pet. ref'd). A trial court abuses its discretion when it acts without reference to any guiding rules and principles or when it acts arbitrarily or unreasonably. *Rhomer*, 569 S.W.3d at 669 (citing *Montgomery v. State*, 810 S.W.2d 372, 380 (Tex. Crim. App. 1990)). Therefore, we uphold a trial court's ruling on admissibility if it is within the "zone of reasonable disagreement." *Inthalangsy v. State*, 634 S.W.3d 749, 754 (Tex. Crim. App. 2021) (quoting *Powell v. State*, 63 S.W.3d 435, 438 (Tex. Crim. App. 2001)).

However, when the admissibility of the evidence involves a constitutional legal ruling, we apply a de novo standard of review to the constitutional legal ruling. *Woodall v. State*, 336 S.W.3d 634, 642 (Tex. Crim. App. 2011); *Wall*, 184 S.W.3d at 742–43; *Smith v. State*, 631 S.W.3d 484, 494 (Tex. App.—Eastland 2021, no pet.); *Render*, 347 S.W.3d at 917. Although we review constitutional rulings de novo, we still defer to the trial court's determination of historical facts and credibility. *Woodall*, 336 S.W.3d at 642.

*Analysis*

The three issues raised by Appellant focus on the trial court's admission of only a portion, rather than the entirety, of the letter written by K.W. to his parents. Appellant argues that the trial court abused its discretion in excluding portions of the letter and that the exclusion violated his rights under the Confrontation Clause and Due Process Clause.

### I. Admissibility of Letter

In Appellant's first issue, he argues that the trial court erred when it excluded all of the letter except for the portion related to the sexual assault of K.W. While Appellant objected to the exclusion of the letter under a multitude of rules at trial, he primarily argues Rule 412 on appeal. *See* Tex. R. Evid. 412 (known as the rape-shield rule). Rule 412 governs the admissibility of the victim's past sexual behavior. The trial court ultimately found that the excluded portions of the letter fell within the protections of Rule 412, that the contents thereof were not relevant with regard to punishment, and that under Rule 403 the balancing of probative value against the risk of unfair prejudice supported exclusion of the evidence. We may uphold the trial court's ruling on the admission or exclusion of evidence if the ruling was proper under any legal theory or basis applicable to the case. *Martinez v. State*, 91 S.W.3d 331, 336 (Tex. Crim. App. 2002). As we discuss below, we conclude that the trial

court did not abuse its discretion in excluding the evidence as irrelevant to punishment.

### A. *Relevance: Applicable Law*

The court analyzes evidence offered during punishment differently than in guilt/innocence; evidence is relevant to punishment if it helps determine sentencing for a particular defendant in a particular case. *Hayden v. State*, 296 S.W.3d 549, 552 (Tex. Crim. App. 2009); *Hernandez v. State*, No. 11-09-00065-CR, 2010 WL 4148359, at *2 (Tex. App.—Eastland Oct. 21, 2010, pet. ref'd) (mem. op., not designated for publication); *see* TEX. CODE CRIM. PROC. ANN. art. 37.07, § 3(a)(1) (West Supp. 2022). Thus, the admissibility of evidence during the punishment phase of a noncapital felony trial is a function of policy, rather than a question of logical relevance. *Hayden*, 296 S.W.3d at 552 (citing *Rogers v. State*, 991 S.W.2d 263, 265 (Tex. Crim. App. 1999)).

### B. *Relevance: Analysis*

The letter can be generally divided into three categories. First, some parts of the letter explained K.W.'s experiences and difficulties before or after the assaults and did not directly discuss the sexual assaults or his sexuality. Second, some parts of the letter dealt with his sexual disposition generally, such as learning about his sexuality or telling others about his sexuality. Third, one part described K.W.'s life during the time of the sexual assaults and his reaction to the assaults both during and immediately thereafter. The letter, as admitted by the trial court, was heavily redacted.

The excluded portions of the letter are neither material nor probative to Appellant's punishment. The portions that deal with K.W.'s experiences other than his sexuality or sexual assaults are irrelevant. K.W.'s unrelated experiences before or after the sexual assaults do not have a direct or logical connection to mitigating Appellant's conduct. The excluded content does not help the trial court determine

the appropriate punishment to be assessed for Appellant's conduct. And despite Appellant's argument that the exclusion of the whole letter was an abuse of discretion, Appellant does not specifically argue that the parts of the letter that are unrelated to K.W.'s sexuality are, in fact, relevant. Rather, his argument for relevancy focuses on those parts regarding K.W.'s sexuality.

Appellant's argument here is twofold. First, he contends that the letter made it "apparent" that K.W.'s "self-loathing and disgust" stemmed entirely from his own inner conflict and not from "anything [Appellant] did to him"; in other words, whether the fact that K.W. purportedly struggled with homosexuality, rather than Appellant's conduct, was a mitigating factor. Second, Appellant argues that the timeline of K.W.'s self-discovery shows him as a "willing participant" who was not enticed or threatened.

The letter does show signs of K.W.'s inability to accept himself, even before the assaults. However, the presence of these emotions prior to his assault does not make it less likely that Appellant's conduct affected K.W. post-assault. The excluded portions had little additional probative value, which was substantially outweighed by their unfair prejudice, and/or were irrelevant to the question of punishment. At the bench, Appellant argued for admission of the entire letter.

> [DEFENSE COUNSEL]: . . . I believe that his disgust was not over what had happened to him, but he was conflicted in that he was gay and he just could not tell his parents about it.

> THE COURT: Mr. Hurley, the Court can't remember the exact case or statute, but our profession has progressed from where someone who is a victim of sexual assault is tried because of their lifestyle. That's not permissible within evidence anymore.

Further, in the admitted portion of the letter, K.W. writes about when he terminated his contact with Appellant at the age of sixteen. "I finally stood up to him. And that began my absolute hate for him but most of all myself." The trial

court was free to consider this statement in weighing motive, intent, bias, and interest and in considering responsibility for K.W.'s suffering. Any difference in opinion that we might have as to the trial court's ruling would be well within the zone of reasonable disagreement.

It is Appellant's contention that the letter, which stated that K.W. knew he was gay before he was assaulted by Appellant, makes it less probable that K.W. was enticed or threatened by Appellant but was, instead, a "willing participant." Contrary to Appellant's contention, nothing in the letter indicates that K.W. was a "willing participant." Furthermore, even if it did and if such evidence was relevant to Appellant's punishment, the record shows that Appellant was permitted to explore this topic during his cross-examination of K.W. During cross-examination, K.W. acknowledged (as he did in an excluded portion of the letter) that, at the age of ten, he knew he was gay.

To the extent that the trial court ruled that the excluded portions of the letter were not relevant to punishment, we hold that the trial court did not abuse its discretion.

### C. *Rules 412 and 403; Cumulative Evidence; Harmless Error*

Moreover, even if the excluded evidence was relevant to punishment, the trial court nonetheless did not abuse its discretion by excluding portions of the letter on other grounds. The trial court correctly determined that sexual predisposition is character evidence that has been barred in the past under Rule 412. *See Harper v. State*, No. 02-15-00374-CR, 2016 WL 4045203, at \*4–5 (Tex. App.—Fort Worth July 28, 2016, no pet.) (mem. op., not designated for publication). K.M.'s letter is five single-spaced pages in length. Importantly, only a portion related to K.M.'s sexual preferences, and none discussed his past sexual behavior with persons other than Appellant. Thus, not every excluded portion of the letter would be covered by Rule 412. Rather than discussing whether the trial court erred in excluding the

evidence under Rule 412 through a line-by-line analysis of the letter, we uphold the trial court's determination that all excluded portions of the letter were cumulative and lacked relevance to punishment. *See* CRIM. PROC. art. 37.07, § 3(a)(1); TEX. R. EVID. 403.

Furthermore, relevant evidence that is otherwise admissible at the punishment phase under Article 37.07 is nonetheless inadmissible if it fails to comport with Rule 403. *Lamb v. State*, 186 S.W.3d 136, 144 (Tex. App.—Houston [1st Dist.] 2005, no pet.); *see Rogers*, 991 S.W.2d at 266. Rule 403 of the Texas Rules of Evidence "allows for the exclusion of otherwise relevant evidence when its probative value 'is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or needless presentation of cumulative evidence.'" *Shuffield v. State*, 189 S.W.3d 782, 787 (Tex. Crim. App. 2006) (quoting former version of Rule 403). The danger of unfair prejudice of K.M.'s sexual orientation, confusion of the issues, and needless presentation of cumulative evidence already in the record and upon which cross-examination could occur appears to be the core of the trial court's ruling here. The appropriate inquiry is "whether the probative value was substantially outweighed by the danger of unfair prejudice or needless presentation of cumulative evidence." *Williams v. State*, 294 S.W.3d 674, 685 (Tex. App.—Houston [1st Dist.] 2009, pet. ref'd). When conducting a Rule 403 balancing analysis, the trial court should consider, but is not limited to, the following factors: (1) how probative is the evidence; (2) the potential for the evidence to impress the jury in some irrational, but nevertheless indelible way; (3) the time the proponent needs to develop the evidence; and (4) the proponents need for the evidence. *Shuffield*, 189 S.W.3d at 787. From the record we conclude that the probative value of the excluded portions of the letter is minimal, and the proponent's need for those excluded portions in order to develop

the evidence through use of it in cross-examination is also minimal. The other Rule 403 considerations have little to no application here.

Importantly, the latitude allowed by the trial court in questioning permitted Appellant adequate opportunity to cross-examine and make his points such that, if there was error by the trial court in excluding portions of the letter, it was harmless. Cross-examination regarding K.W.'s "coming out" letter would have been largely cumulative. K.W. testified that he was homosexual and admitted his struggle in telling his parents about that fact. He never testified that his homosexuality was caused by Appellant; to the contrary, he stated that Appellant used the shame of discovery of the incidents of sexual abuse to keep K.W. quiet. Appellant's trial counsel asked K.W. if he was trying to say that Appellant had turned him gay, and K.W. stated "no." Thus, some of the excluded portions of the letter were cumulative of other evidence. We hold that the trial court did not abuse its discretion in refusing admission under Rule 403 and ruling that the letter's excluded portions were not admissible in the punishment phase of the trial. To the extent exclusion was error, based on the record, that error was harmless for the reasons that we have noted above. *See* TEX. R. APP. P. 44.2(b). We overrule Appellant's first issue.

## II. Confrontation Clause

In his second issue, Appellant argues that the trial court's exclusion of most of the letter violated his right to effectively confront K.W. Appellant contends that the contents of the letter impeached K.W.'s credibility, which was a crucial part of Appellant's defense.

### A. Applicable Law

The Confrontation Clause protects more than physically confronting the witness. *Davis v. Alaska*, 415 U.S. 308, 315 (1974). Cross-examination is an important right protected by the Sixth Amendment. *Johnson v. State*, 490 S.W.3d 895, 909 (Tex. Crim. App. 2016). The exclusion of potential impeachment evidence

may infringe upon the accused's confrontation rights. *See Davis*, 415 U.S. at 315–16; *Pointer v. Texas*, 380 U.S. 400, 403–04 (1965); *Johnson*, 490 S.W.3d at 909; *Castillo v. State*, 939 S.W.2d 754, 758 (Tex. App.—Houston [14th Dist.] 1997, pet. ref'd). "[T]he Confrontation Clause guarantees an *opportunity* for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish." *Delaware v. Van Arsdall*, 475 U.S. 673, 679 (1986) (quoting *Delaware v. Fensterer*, 474 U.S. 15, 20 (1985)). This means a defendant may be permitted a wide scope of cross-examination, but he must otherwise comply with the applicable Texas Rules of Evidence. *Smith v. State*, No. 11-20-00002-CR, 2021 WL 5279414, at *3 (Tex. App.—Eastland Nov. 12, 2021, no pet.) (mem. op., not designated for publication). "And Texas law, as well as the federal constitution, requires great latitude when the evidence deals with a witness's specific bias, motive, or interest to testify in a particular fashion." *Hammer v. State*, 296 S.W.3d 555, 562 (Tex. Crim. App. 2009). Therefore, "if a state evidentiary rule prohibit[s] the defendant from cross-examining a witness concerning possible motives, biases, and prejudices to such an extent he could not present a vital defensive theory," the Confrontation Clause may be violated. *Johnson*, 490 S.W.3d at 910.

Each Confrontation Clause issue must be weighed on a case-by-case basis. *Hoyos v. State*, 951 S.W.2d 503, 510 (Tex. App.—Houston [14th Dist.] 1997), *aff'd*, 982 S.W.2d 419 (Tex. Crim. App. 1998). The trial court maintains broad discretion to impose reasonable limits to avoid harassment or confusion of the issues. *Lewis v. State*, No. 11-16-00336-CR, 2018 WL 5986977, at *5 (Tex. App.—Eastland Nov. 15, 2018, no pet.) (mem. op., not designated for publication). The trial court must balance the probative value of the evidence against risks that admission may entail. *Lopez v. State*, 18 S.W.3d 220, 222 (Tex. Crim. App. 2000).

B. *Analysis*

A defendant is permitted to cross-examine a witness to show motive, bias, or interest without undue limitation. *Johnson*, 490 S.W.3d at 910. However, after reviewing the entire letter, we cannot conclude that the excluded evidence reveals further motive, bias, or interest with respect to Appellant. The scope of bias, motive, or interest is succinctly described in *Carroll v. State*.

> Evidence to show bias or interest of a witness in a cause covers *a wide range and the field of external circumstances from which probable bias or interest may be inferred is infinite.* The rule encompasses *all facts and circumstances*, *which when tested by human experience*, *tend to show that a witness may shade his testimony* for the purpose of helping to establish one side of the cause only.

*Carroll v. State*, 916 S.W.2d 494, 497–98 (Tex. Crim. App. 1996) (quoting *Jackson v. State*, 482 S.W.2d 864, 868 (Tex. Crim. App. 1972)).

In his brief, Appellant relies heavily upon *Hammer* in support of his Confrontation Clause argument. Appellant argues that this is a classic "he said, she said" situation as discussed in *Hammer*. *See Hammer*, 296 S.W.3d at 561–62. We disagree. We note that Appellant here waived a jury trial and pled guilty to each of the eight counts of sexual assault and indecency with a child of which he was accused, and that exclusion of the evidence in question occurred during the punishment phase before the trial court. As Appellant has admitted, the right to cross-examine is not unqualified. Generally, the right to present evidence and cross-examine witnesses under the Sixth Amendment does not conflict with the corresponding rights under state evidentiary rules. *Id.* at 561–63. And it does not here. As to the letter, which is the subject of Appellant's complaint, the trial court did not violate Appellant's Sixth Amendment rights.

No excluded part of the letter relates to K.W.'s potential to shade his testimony. None of the excluded portions reveal a hidden reason to forward

K.W.'s perception of the events with ulterior motive, bias, or interest. Appellant is not mentioned in the excluded portions of the letter. Alleging motive, bias, or animus based on the letter's life narrative is speculative at best. Appellant fails to specifically describe any particular bias, motive, or interest revealed by K.W. Although Appellant alludes to potential bias, motive, or animus in his brief, he focuses on a general argument of the lack of credibility of K.W.

Furthermore, the letter contained highly personal details about K.W. and his life, long after the assaults occurred. The trial court accurately noted that the letter "just seems to add clutter that does not help the Court in trying to decide what is best for the community and is the best result for punishment." Balancing the minimal probative value of the letter against the high potential for prejudice leads us to the same conclusion as the trial court. Its exclusion did not infringe on Appellant's constitutional right to confront K.W.

Notwithstanding the analysis above, Appellant was able to effectively confront K.W. Many of the portions of the letter that allegedly impeached K.W.'s credibility were developed at trial and are included in the record. A defendant's inability to present his case to the extent and form desired is not prejudicial when he is not prevented from presenting the substance of his defense to the factfinder. *Potier v. State*, 68 S.W.3d 657, 666 (Tex. Crim. App. 2002) (citing *United States v. Willie*, 941 F.2d 1384, 1398–99 (10th Cir. 1991)). Appellant sought to impeach K.W.'s credibility as to whether Appellant manipulated him into feeling shame and whether K.W. instigated any of the sexual assaults. Appellant testified that he never threatened K.W. in any way. Further, Appellant was also able to ask the following of K.W. on cross-examination:

- Whether K.W. asked Appellant to come over.

- Whether K.W. wrote a letter that explained that he knew he was gay around the age of ten, despite previous testimony that he was confused about his sexuality around the age of fourteen.
- Whether K.W. was sexually aroused during the assaults.
- Whether it was K.W.'s decision to stop having sex with Appellant.
- Whether K.W. felt that the sexual assaults were his own fault, because K.W. was "the one that was sexually aggressive and wanted the sexual contact[.]"

Through Appellant's testimony and his cross-examination of K.W., Appellant largely achieved the impeachment he sought even without the entire letter being admitted. Therefore, the trial court's exclusion of portions of K.W.'s letter, even if erroneous, was harmless under the circumstances. Appellant may not have presented the evidence "to the extent and in the form he desired." *Potier*, 68 S.W.3d at 666 (quoting *Willie*, 941 F.2d at 1398–99). But the substance of his argument for mitigation—that K.W. was "sexually aggressive" and complicit in the assaults, reached the ears of the factfinder. The letter as admitted provided reasonable limits and at the same time a fair opportunity to effectively cross-examine K.W. Therefore, the trial court's exclusion of parts of the letter did not violate Appellant's constitutional right to confront K.W. We overrule Appellant's second issue.

### III. Fair Trial

In his third issue, Appellant argues that the trial court's exclusion of portions of the letter violated his right to a fair sentencing proceeding. Appellant contends that his inability to present the entirety of the letter deprived him of the right to present a complete defense. We disagree.

### A. Applicable Law

Rooted in the Fourteenth Amendment of the United States Constitution is the meaningful opportunity for a criminal defendant to present a complete defense. *Chambers v. Mississippi*, 410 U.S. 284, 294 (1973); *Washington v. Texas*, 388 U.S.

13

14, 19 (1967). A defendant's right to present relevant evidence is subject to reasonable restrictions and other legitimate interests of state criminal procedure. *United States v. Scheffer*, 523 U.S. 303, 308 (1998); *Potier*, 68 S.W.3d at 659. Evidentiary rules do not abridge the right to present a defense so long as the rules invoked are not "arbitrary" or "disproportionate to the purposes they are designed to serve." *Potier*, 68 S.W.3d at 659 (citing *Scheffer*, 523 U.S. at 308). Even so, exclusion of evidence is only unconstitutionally arbitrary or disproportionate where it infringes upon a weighty interest of the accused. *Scheffer*, 523 U.S. at 308. A court's application of state evidentiary rules will not run afoul of the Constitution when those evidentiary rules are not arbitrary and unjustified. *Potier*, 68 S.W.3d at 662.

### B. *Analysis*

Much of the analysis in Appellant's third issue overlaps with that of his first and second issues discussed above. Requiring that evidence be relevant is far from an arbitrary or unjustified evidentiary rule. The trial court can (and did) impose reasonable limits in the interest of legitimate state criminal procedure in its exclusion of evidence that it determined to be irrelevant. The trial court excluded the portions of a letter that made no mention of Appellant and dealt with K.W.'s life before and after the assaults. Even if these portions were minimally relevant, impeaching the general credibility of the victim does not reflect a "weighty interest," considering Appellant was free to pursue this impeachment through other methods of cross-examination. As we stated above, Appellant presented the substance of his defense. The trial court's limitation on the form of his defense did not amount to a constitutional violation of due process. Therefore, we overrule Appellant's third issue.

Because the excluded portions of the letter either lacked relevance to the decision of punishment, had little probative value, or were cumulative of other

evidence and because the exclusion of that evidence did not violate Appellant's right to confront the victim or his right to a fair punishment proceeding, the trial court did not abuse its discretion when it excluded the evidence.

*This Court's Ruling*

We affirm the judgments of the trial court.


W. BRUCE WILLIAMS
JUSTICE


February 9, 2023

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.