

# IN THE
# TENTH COURT OF APPEALS

### No. 10-23-00146-CR

**QUEST AL'JAVAUGHN JONES,**

                                      **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                        **Appellee**

---

### From the 19th District Court
### McLennan County, Texas
### Trial Court No. 2019-516-C1

---

## OPINION

---

Appellant, Quest Al'Javaughn Jones, was convicted of murdering Sherrell Carter and received a sixty-year prison sentence. *See* TEX. PENAL CODE ANN. § 19.02. In three issues on appeal, Jones contends that: (1) the trial court abused its discretion by admitting testimony about a telephone call made by Jones while he was in jail; (2) the trial court abused its discretion by permitting testimony during the guilt-innocence phase of trial

that Jones was in a gang; and (3) the trial court erred by assessing $3,000 for court-appointed investigator fees in the bill of costs and judgment. We affirm.

## The Jail Telephone Call

In his first issue, Jones asserts that the trial court abused its discretion by admitting testimony about a telephone call Jones made while incarcerated in the McLennan County Jail, which contained a threat that the same thing that happened to Carter, the victim in this case, would happen to Lacreshia Jackson, the mother of Jones's two oldest children.

STANDARD OF REVIEW

We review the trial court's admission of extraneous-offense evidence for an abuse of discretion. *De La Paz v. State*, 279 S.W.3d 336, 343 (Tex. Crim. App. 2009). If the trial court's ruling is within the zone of reasonable disagreement, there is no abuse of discretion. *Prible v. State*, 175 S.W.3d 724, 731 (Tex. Crim. App. 2005). A trial court's ruling on the admissibility of an extraneous offense is generally within this zone if the evidence shows that: (1) an extraneous transaction is relevant to a material, non-propensity issue; and (2) the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. *De La Paz*, 279 S.W.3d at 344. "Furthermore, if the trial court's evidentiary ruling is correct on any theory of law applicable to that ruling, it will not be disturbed even if the trial judge gave the wrong reason for his right ruling." *Id.*

TEXAS RULE OF EVIDENCE 404(B)

Texas Rule of Evidence 404(b) expressly provides that evidence of other crimes, wrongs, or acts is not admissible to prove the character of the defendant in order to show he acted in conformity therewith. TEX. R. EVID. 404(b). This rule codifies the common-law principles that a defendant should be tried only for the offense for which he is charged and not for being a criminal generally. *See Rogers v. State*, 853 S.W.2d 32, n.3 (Tex. Crim. App. 1993); *see also Segundo v. State*, 270 S.W.3d 79, 87 (Tex. Crim. App. 2008) (explaining that a defendant is generally to be tried only for the offense charged, not for any other crimes).

Extraneous-offense evidence, however, may be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. TEX. R. EVID. 404(b). The list of examples in Rule 404(b) is not exhaustive. *See Prible*, 175 S.W.3d at 731. "Whether extraneous[-]offense evidence has relevance apart from character conformity, as required by Rule 404(b), is a question for the trial court." *Moses v. State*, 105 S.W.3d 622, 627 (Tex. Crim. App. 2003). The trial court's Rule 404(b) ruling admitting evidence is generally within the zone of reasonable disagreement "if there is evidence supporting that an extraneous transaction is relevant to a material, non-propensity issue." *Devoe v. State*, 354 S.W.3d 457, 469 (Tex. Crim. App. 2011).

Here, Jones's defensive theory was that he did not kill Carter, but rather an intruder broke into the house and shot Carter and attempted to shoot him. In other words, Jones put identity at issue. To rebut Jones's defensive theory, the State called Jackson to testify about her prior relationship with Jones, as well as a telephone call she received from Jones after Jones had been arrested for this offense. Jackson described the telephone call, and the State presented a recording of the telephone call for admission into evidence. Jones objected to Jackson's testimony and the admission of the recording of the telephone call under Texas Rules of Evidence 403 and 404(b). The trial court overruled Jones's objections and admitted the testimony and the recording of the telephone call into evidence. The recording of the telephone call, which contained a threat made by Jones to Jackson that the same thing that happened to Carter would happen to Jackson was played for the jury.

An extraneous offense may be admissible to show identity when identity is at issue in the case, or when the defense cross examines witnesses or alleges that someone else committed the crime. *See Page v. State*, 213 S.W.3d 332, 336 (Tex. Crim. App. 2006); *Lane v. State*, 933 S.W.2d 504, 519 (Tex. Crim. App. 1996). The threat made in the telephone call demonstrated Jones's knowledge about what had happened to Carter and served as some evidence rebutting Jones's defensive theory that someone else murdered Carter. *See* TEX. R. EVID. 404(b). Because the complained-of extraneous-offense evidence was

admissible for multiple proper purposes, we conclude that the evidence was relevant for more than just character conformity. *See id.*

TEXAS RULE OF EVIDENCE 403

Next, we address Jones's Rule 403 argument. Evidence, though relevant, can nonetheless be excluded when its probative value is substantially outweighed by the danger of unfair prejudice. *See id.* at R. 403. Once a trial court determines that extraneous-offense evidence is admissible under Rule 404(b), the trial court must, on proper objection by the opponent of the evidence, weigh the probative value of the evidence against its potential for unfair prejudice. *Montgomery v. State*, 810 S.W.2d 372, 389 (Tex. Crim. App. 1991); *see* TEX. R. EVID. 403. Rule 403 favors admitting relevant evidence, and the presumption is that relevant evidence will be more probative than unfairly prejudicial. *Montgomery*, 810 S.W.2d at 389. Unfair prejudice does not mean the evidence injures the opponent's case—"the central point of offering evidence." *Rogers v. State*, 991 S.W.2d 263, 266 (Tex. Crim. App. 1999). "Rather[,] it refers to 'an undue tendency to suggest a decision on an improper basis, commonly, though not necessarily, an emotional one.'" *Id.* (quoting *Cohn v. State*, 849 S.W.2d 817, 820 (Tex. Crim. App. 1993)).

Although not limited to the following enumerated factors, courts should balance the following under a Rule 403 analysis: (1) the probative value of the evidence; (2) the potential for the evidence to impress the jury in some irrational, yet indelible way; (3) the time needed to develop the evidence; and (4) the proponent's need for the evidence.

*Prible*, 175 S.W.3d at 733. The trial court is presumed to have conducted a proper balancing test if it overrules a Rule 403 objection, regardless of whether it conducted the test on the record. *See Williams v. State*, 958 S.W.2d 186, 195 (Tex. Crim. App. 1995).

As stated earlier, Jones challenged the identity element of the charged offense. The State needed the complained-of extraneous-offense evidence because it was probative on the issue of identity, and because it rebutted Jones's defensive theory. *See Moses*, 105 S.W.3d at 626 (noting that rebuttal of a defensive theory is one of the permissible purposes for which extraneous-offense evidence may be admitted); *see also Daggett v. State*, 187 S.W.3d 444, 453-54 (Tex. Crim. App. 2005) (stating that extraneous offenses are admissible to rebut theories raised by testimony of a defense witness during direct examination or a State's witness during cross-examination). This is especially true considering there was no eyewitness to the shooting other than Jones. The record shows that very little time was spent on developing the complained-of extraneous-offense evidence, and there is nothing in the record demonstrating that this evidence impressed the jury in some irrational, yet indelible, way. Thus, we cannot say that the extraneous-offense evidence confused, distracted, or caused the jury to give the evidence undue weight.

Rule 403 "envisions exclusion of [relevant] evidence only when there is a 'clear disparity between the degree of prejudice of the offered evidence and its probative value.'" *Hammer v. State*, 296 S.W.3d 555, 568 (Tex. Crim. App. 2009) (quoting *Conner v. State*, 67 S.W.3d 192, 202 (Tex. Crim. App. 2001)). We cannot say that there is a "clear

disparity" between the danger of unfair prejudice posed by the complained-of extraneous-offense evidence and its probative value. *See id.; see also Conner*, 67 S.W.3d at 202. Accordingly, we cannot conclude that the trial court abused its discretion by admitting this evidence over Jones's Rule 403 and 404(b) objections. *See* TEX. R. EVID. 403, 404(b); *see also De La Paz*, 279 S.W.3d at 343; *Prible*, 175 S.W.3d at 731. We overrule Jones's first issue.

### Gang Testimony

In his second issue, Jones argues that the trial court abused its discretion by allowing Tydrick Busby, Carter's cousin, to testify that Jones was in a gang.

At trial, Busby was asked to describe the relationship between Jones and Carter. Busby responded that he "didn't like it." When asked why he did not like the relationship, Busby noted, "Because he was doing too much. He was in gangs, very hostile." This response elicited an objection from Jones that the testimony was not relevant and that there was "no basis for that type of testimony at this point." The State countered that the statement about Jones's purported gang membership described why Busby did not like the relationship and "the way that this relationship was going before the death." The State further argued that the testimony "goes directly to state of mind," although the State did not articulate whose state of mind. The trial court overruled Jones's objection and, without a request from Jones, issued the following instruction to the jury:

Ladies and gentlemen, any information that's being elicited in this line of questioning is for—can be used for proof of motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or lack of accident.

On appeal, Jones asserts that this testimony should have been excluded because it is violative of Texas Rule of Evidence 404(b). To preserve error for appellate review, a complaining party must make a timely and specific objection. *See* TEX. R. APP. P. 33.1(a)(1); *Wilson v. State*, 71 S.W.3d 346, 349 (Tex. Crim. App. 2002). Texas courts have held that points of error must correspond or comport with objections and arguments made at trial. *Dixon v. State*, 2 S.W.3d 263, 273 (Tex. Crim. App. 1998); *see Wright v. State*, 154 S.W.3d 235, 241 (Tex. App.—Texarkana 2005, pet. ref'd). "Where a trial objection does not comport with the issue raised on appeal, the appellant has preserved nothing for review." *Wright*, 154 S.W.3d at 241; *see Resendiz v. State*, 112 S.W.3d 541, 547 (Tex. Crim. App. 2003) (holding that an issue was not preserved for appellate review because appellant's trial objection did not comport with the issue he raised on appeal). Because Jones's relevance objection made in the trial court does not comport with his Rule 404(b) objection on appeal, we cannot say that he has preserved this complaint for appellate review. *See* TEX. R. APP. P. 33.1(a)(1); *Resendiz*, 112 S.W.3d at 547; *Dixon*, 2 S.W.3d at 273; *Wright*, 154 S.W.3d at 241; *see also Ukwuachu v. State*, No. 10-15-00376-CR, 2022 Tex. App. LEXIS 7284, at *3 (Tex. App.—Waco Sept. 28, 2022, no pet.) (mem. op., not designated for publication) ("Ukwuachu's trial objection was based solely on relevance and did not

preserve a Rule 403 or 404(b) objection for our review.").  Accordingly, we overrule Jones's second issue.

## Court-Appointed Investigator Fees

In his third issue, Jones complains that the trial court improperly assessed $3,000 for court-appointed investigator fees in the bill of costs and judgment.

Here, Jones was determined to be indigent, and as such, the trial court granted several requests for funds to secure the services of investigators.  In particular, on May 3, 2023, the trial court signed a second order granting payment of interim requisition and allotment of additional funds for an investigator in the amount of $3,000.  In the bill of costs, there is a line item in the section "Mandatory Reimbursement" indicating a charge for $3,000 in court-appointed investigator fees.  However, the same line item also shows that the $3,000 in court-appointed investigator fees has been paid, leaving a $0 balance.  Because the complaint in this issue is purely monetary, the voluntary payment of the investigator's fees rendered the issue moot.  *See Rios v. State*, No. 10-21-00266-CR, ___ S.W.3d ___, 2023 Tex. App. LEXIS 9344, at *4 (Tex. App.—Waco Dec. 14, 2023, no pet. h.) (mem. op., not designated for publication) (concluding that the voluntary payment of a fine and court costs rendered the issue moot) (citing *Dulin v. State*, 620 S.W.3d 129, 131 (Tex. Crim. App. 2021)).  We therefore overrule Jones's third issue.

## Conclusion

Having overruled all of Jones's issues on appeal, we affirm the judgment of the trial court.

STEVE SMITH
Justice

Before Chief Justice Gray,
     Justice Johnson, and
     Justice Smith
(Chief Justice Gray concurring)
Affirmed
Opinion delivered and filed February 1, 2024
Publish
[CR25]

